UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

LEMMA INSURANCE (EUROPE)
COMPANY, LTD.,

        Plaintiff,

v.                               Case No. 8:11-cv-2110-T-33TBM

RUMRUNNER SPORT FISHING
CHARTERS, INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Count Two of Complaint (Doc. # 4), filed on October 14, 2011. Plaintiff filed a Response in Opposition to the Motion on October 28, 2011. (Doc. # 5). For the reasons that follow, the Court grants the Motion and dismisses count two of the Complaint with leave to amend.

**I.  Background**

This action arises from the March 5, 2009, collision of two vessels on the navigable waters of the Gulf of Mexico within the jurisdiction of this Court. Plaintiff filed a Complaint in Admiralty against Defendant containing two counts: (1) negligence and (2) negligence per se. (Doc. # 1). Defendant seeks an order dismissing count two, arguing "negligence per se is not a viable cause of action, but rather

a theory by which a plaintiff can remove an element of his prima facie case." (Doc. # 4 at 3).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause

2

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

#### A. Propriety of Complaint Count

Defendant seeks an order dismissing count two of the Complaint because negligence per se is not a separate cause of action, and thus, count two is subsumed by and rendered redundant by count one. There is some support for this theory. See Skye v. Maersk Line, Ltd. Co., No. 11-cv-21589, 2011 U.S. Dist. LEXIS 110917, at *4 (S.D. Fla. Sept. 28, 2011)(dismissing negligence per se count in admiralty action because "[c]ourts tend to disfavor pleading negligence per se as a separate claim because it is not deemed to be independent from general negligence").

However, as correctly noted by Plaintiff, the Eleventh Circuit recognizes negligence per se as a separate and appropriate cause of action. See In the Matter of the Complaint of Mobro Marine, Inc., No. 3:02-cv-471-J-20TEM, 2004 U.S. Dist. LEXIS 27561 (M.D. Fla. 2004), aff'd by, In re Superior Constr. Co., 445 F.3d 1334 (11th Cir. 2006)(discussing negligence per se in the context of boat collision and determining that failure to use proper lighting at night violated certain statutes, which gave rise to a

3

finding of negligence per se); <u>Pettis v. Borsarge Diving, Inc.</u>, 751 F. Supp. 2d 1222 (S.D. Ala. 2010)(discussing requirements for negligence per se action in admiralty case pursuant to the Jones Act).

In addition, to the extent that Defendant may be arguing that Plaintiff cannot state its negligence and negligence per se claims in the alternative in the Complaint, the Court rejects such contention. As stated in <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 Fed. App'x 597, 605 (11th Cir. 2008), "[T]he Federal Rules permit pleading in the alternative, even within one single count." <u>See also</u> Fed. R. Civ. P. 8(d)(2)("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

    **B.**   **Elements of Complaint Count**

Having determined that negligence per se is a proper cause of action, the Court will now address whether Plaintiff has pled the necessary elements for stating its negligence per se claim.

The elements of negligence per se are: (1) violation of a regulation; (2) causing the type of harm that the regulation

4

was intended to prevent; and (3) injury to a member of the class of persons intended to be protected by the regulation. <u>Marshall v. Isthmian Lines, Inc.</u>, 334 F.2d 131, 134 (5th Cir. 1964).[1] In response to the Motion to Dismiss, Plaintiff correctly indicates that "the law is well established that violation of a statute which is intended to protect the class of persons to which a plaintiff belongs against the risk of harm which has in fact occurred is 'negligence in itself.'" (Doc. # 5 at 13)(citing <u>Marshall</u>, 334 F.2d at 134). Plaintiff has alleged that Defendant violated certain regulations.[2] However, absent from Plaintiff's Complaint is any allegation that Plaintiff belonged to a class of persons intended to be protected by the regulations or that Plaintiff suffered the kind of harm that the regulations were intended to prevent.

Accordingly, the Court dismisses count two of the

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

[2] Plaintiff alleges that Defendant, operating the vessel M/V Rumrunner III, violated "applicable Navigational Rules of the road as codified at 33 U.S.C. § 2001, et seq. and/or 33 U.S.C. § 1601, together with the applicable Code of Federal Regulations (hereafter referenced as 'Rule' followed by the appropriate Rule number for the Navigational Rules of the Road)." (Doc. # 1 at ¶ 13). Specifically, Plaintiff alleges that Defendant violated Rules of the Road # 2, 5, 6, 7, 8, 15, and 16. <u>Id.</u> at ¶¶ 18, 22.

Complaint without prejudice.  Plaintiff may file an Amended Complaint to correct this deficiency by February 8, 2012.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss Count two of Complaint (Doc. # 4) is **GRANTED** to the extent that count two of the Complaint is dismissed without prejudice and with leave to amend by February 8, 2012.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of January, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record